IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-02840-PAB-STV

HOWARD SCHATZ, and
BEVERLY ORNSTEIN,

Plaintiffs,

v.

BEN GREENFIELD LIFE LLC, and
BEN GREENFIELD,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiffs' Motion for Default Judgment [Docket No. 14].

## I. BACKGROUND[1]

Plaintiff Howard Schatz is an accomplished photographer. Docket No. 1 at 1-2, ¶ 3. One of the photographs that Mr. Schatz took depicts a man bent over on a running track as if in position to start a sprint, which plaintiffs describe as "a photograph of the best way to build endurance" (the "Photograph"). *Id.* at 1, ¶ 2; Docket No. 1-1 at 1. Mr. Schatz transferred joint ownership of the Photograph to plaintiff Beverly Ornstein by written assignment. Docket No. 1 at 4, ¶ 21. Plaintiffs registered the Photograph with

[1] Because of the Clerk of Court's entry of default, *see* Docket No. 10, the factual allegations in plaintiffs' complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

the United States Copyright Officer under Registration Number VAu 1-034-036. *Id.*, ¶ 22.

Defendant Ben Greenfield is a health consultant, speaker, and New York Times bestselling author. *Id.* at 2, ¶ 4. Mr. Greenfield, along with defendant Ben Greenfield Life LLC ("Ben Greenfield Life"), own and operate a social media account on www.pinterest.com (the "Account"). *Id.*, ¶ 5. Defendants operate the Account and are responsible for its content. *Id.* at 4, ¶ 24. On or about March 29, 2023, defendants copied and displayed the Photograph on the Account without permission or authorization from plaintiffs. *Id.* at 5, ¶ 30; Docket No. 1-2 at 1. Plaintiffs first observed the Photograph on the Account on January 23, 2025. Docket No. 1 at 5, ¶ 33. On February 27, 2025, plaintiffs, through counsel, contacted defendants regarding plaintiffs' concern about defendants' infringement of the Photograph. *Id.* at 6-7, ¶ 49. On March 29, 2025, plaintiffs, through counsel, again contacted defendants about their infringement of the Photograph. *Id.* at 7, ¶ 50. Defendants failed to respond to plaintiffs' contact and continue to infringe on the Photograph. *Id.*, ¶ 52.

On September 10, 2025, plaintiffs filed this case, bringing a claim against defendants under 17 U.S.C. 501 *et seq.* for copyright infringement. *Id.* at 7-8, ¶¶ 54-63. On September 25, 2025, plaintiffs served Ben Greenfield Life.[2] Docket No. 8. Defendants have not appeared in this action. On October 21, 2025, the Clerk of the Court entered default against Ben Greenfield Life. Docket No. 10. On January 2, 2026, plaintiffs filed a motion for default judgment as to Ben Greenfield Life. Docket No. 14. In addition to requesting entry of default judgment, plaintiffs seek statutory damages in

[2] There is no indication that plaintiffs served Mr. Greenfield.

the amount of $30,000, attorney's fees and costs in the amount of $1,390, and postjudgment interest. Docket No. 14 at 1.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the court considers that "[s]trong policies favor resolution of disputes on their merits." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* Default judgment serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high

standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.") (internal citation omitted). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2022 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

To obtain a default judgment for a sum certain, the plaintiff must show the following by affidavit. First, that the party in default is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance. D.C.COLO.LCivR 55.1(a)(1). Second, that the sum is certain or the sum can be made certain by computation. D.C.COLO.LCivR 55.1(a)(2). Additionally, the plaintiff must

submit a proposed form of judgment that shows (1) the party in favor of whom judgment should be entered, (2) the party against whom judgment should be entered, (3) the sum certain amount consisting of the principal amount, prejudgment interest, and the rate of post judgment interest, and (4) the sum certain of attorney's fees. D.C.COLO.LCivR 55.1(b).

## III. ANALYSIS

### A. <u>Jurisdiction</u>

Before entering default judgment, the court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

#### *1. Subject Matter Jurisdiction*

Plaintiffs state that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Docket No. 1 at 3, ¶ 11. Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1338(a), the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights." The Court therefore has subject matter jurisdiction over plaintiffs' copyright claim pursuant to 28 U.S.C. § 1331 because the claim arises under federal law. Furthermore, 28 U.S.C. § 1338(a) gives the Court original jurisdiction over any civil action relating to copyrights.

### 2. *Personal Jurisdiction*

Plaintiffs bear the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). Plaintiffs can satisfy their burden by making a prima facie showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court will accept the well-pled allegations of the complaint as true in determining whether plaintiffs have made a *prima facie* showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further. *Id.* The plaintiffs, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Furthermore, proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).

**a. Service of Process**

Federal Rule of Civil Procedure 4(h) governs the service of corporations. Rule 4(h)(1)(B) provides that a plaintiff may serve process on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also Howarth*, 2021 WL 4775270, at *3. Courts have applied Rule 4(h) to limited liability companies. *See Warming Trends, LLC v. Flame DesignZ, LLC*, No. 22-cv-00252-PAB-STV, 2023 WL 196288, at *3 (D. Colo. Jan. 17, 2023). Ben Greenfield Life is a limited liability company. Docket No. 1 at 3, ¶ 9. On September 25, 2025, Raychel Shannon was served by plaintiffs' process server. Docket No. 8 at 2. The Delaware Secretary of State's website lists Raychel Shannon as Ben Greenfield Life's registered agent. Entity Details, https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (last visited Sept. 6, 2026). Therefore, the Court finds that Ben Greenfield Life was properly served.

**b. Due Process**

General jurisdiction extends to "any and all claims" brought against a defendant, including claims that have no relation to the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 592 U.S. 351, 358 (2021) (citation omitted). A court may exercise general jurisdiction only when a defendant is "essentially at home" in the state. *Id*. For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (citation omitted); *see also Ford Motor Co.*, 592 U.S. at 359. "Courts have held that *Daimler* applies with equal force to limited liability companies." *Bliss v. Change Healthcare Operations LLC*, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) (collecting cases). Here, plaintiffs allege that Ben Greenfield Life is a Delaware limited liability company with its principal place of business at 3980 Noth Broadway, Suite 103-183, Boulder, Colorado. Docket No. 1 at 3, ¶ 9. Therefore, the Court has general jurisdiction over this case and can exercise personal jurisdiction over Ben Greenfield Life.

**B. <u>Merits</u>**

To enter default judgment against Ben Greenfield Life, the Court must find that Ben Greenfield Life, based on the material allegations in the complaint, is liable for copyright infringement. The Copyright Act gives copyright owners the exclusive right to make copies and derivative works and gives copyright owners a cause of action against anyone who violates the rights of the owner. 17 U.S.C. §§ 106, 501. To succeed on a copyright infringement claim, two elements must be met: (1) plaintiff has a valid copyright and (2) defendant copied the plaintiff's original work. *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiffs sufficiently allege that they have a valid copyright in the Photograph. Plaintiffs state that they were granted a registered copyright to the Photograph on March 31, 2010. Docket No. 1 at 4, ¶ 22. A copy of the registration on file with the Copyright Office is attached to the motion for default judgment as Exhibit C. *See* Docket No. 14-5 at 2-3. Exhibit C is the copyright registration for a group of published photographs. *Id.* at 2. The certificate of registration does not make clear that the Photograph was one of the published photographs that was registered. *Id.* However, plaintiffs do generally allege, through their complaint and through a declaration, that the Photograph was registered with the United States Copyright Office. Docket No. 1 at 4, ¶ 22; Docket No. 14-2 at 2, ¶ 11. The registration number alleged in the complaint, VAu 1-034-036, matches the registration number in Exhibit C. Docket No. 1 at 4, ¶ 22; Docket No. 14-5 at 2. In the context of a default judgment, where the factual allegations in the complaint are deemed admitted, *see Olcott*, 327 F.3d at 1125, this is sufficient to establish that the Photograph is copyrighted.

Plaintiffs sufficiently allege that Ben Greenfield Life copied the Photograph. Specifically, plaintiffs allege that Ben Greenfield Life "copied and displayed . . . the Photograph on the Account as part of an on-line post." Docket No. 1 at 5, ¶ 30. A screenshot of the Photograph posted on the Account is attached to the complaint. Docket No. 1-2 at 1. Plaintiffs assert that the Photograph was first displayed on the Account on or about March 29, 2013, after the copyright had been registered. Docket No. 1 at 5, ¶ 30. Plaintiffs allege that they never gave Ben Greenfield Life a license or other permission to use the Photograph in any manner. *Id.* at 7, ¶ 57. Accordingly, the

Court finds that plaintiffs sufficiently state a claim for copyright infringement under 17 U.S.C. § 501.

### C. Damages

Default judgment requires the court to ascertain the amount of damages. *See Reg'l. Dist. Council v. Mile High Rodbusters, Inc.,* 82 F. Supp. 3d 1235, 1243 (D. Colo. 2015) (citing *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984)). The court must hold a hearing on the damages claimed before entering default judgment unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). "Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount." *Mile High Rodbusters, Inc.,* 82 F. Supp. 3d at 1243 (citing *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949)). "While the Court accepts the well-pleaded facts of the complaint as true on a motion for default judgment, allegations relating to the amount of damages are generally not accepted as true." *First Home Bank v. USA Pro Roofing & Constr., LLC*, No. 18-cv-00965-MSK-STV, 2018 WL 6990394, at *3 (D. Colo. Oct. 19, 2018); *see also United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006) (unpublished). "In making an independent determination of the amount of damages, the court may rely on detailed affidavits or documentary evidence." *BMO Harris Bank N.A. v. Marjanovic*, No. 19-cv-02945-CMA-KMT, 2021 WL 307501, at *4 (D. Colo. Jan. 29, 2021) (citations and quotation omitted).

The victim of copyright infringement is entitled to actual damages, including any profits of the infringer, or to statutory damages. 17 U.S.C. § 504(a). Plaintiffs have elected an award of statutory damages. Docket No. 14 at 1. Section 504 states, in relevant part:

(c) Statutory Damages–

> 1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c). Plaintiffs ask for an award of statutory damages in the amount of $30,000. Docket No. 14 at 1. Plaintiffs state that, given Ben Greenfield Life's willful infringement, an award in this amount is appropriate for purposes of deterrence. Docket No. 14-1 at 4-5.

The Court has the discretion to award statutory damages ranging from $750 to $30,000, and up to $150,000 if the infringement was committed willfully, for "all infringements involved in the action, with respect to any one work." 17 U.S.C. § 504(c)(1)-(2). "An infringer is liable for the number of original works infringed, not for the number or type of copies made." *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 361 (S.D.N.Y. 2003). Here, plaintiffs allege that one of their copyrighted works was infringed by Ben Greenfield Life. *See* Docket No. 14-1 at 3.

The Court finds that plaintiffs sufficiently allege that Ben Greenfield Life's infringement was willful. "A claim for willful copyright infringement requires a showing that the defendant knowingly or recklessly infringed on a plaintiff's copyright." *Tague v. Mind Rocket, LLC*, No. 20-cv-00230-REB-KLM, 2023 WL 11992382, at *1 (D. Colo. Mar. 1, 2023). Where a plaintiff has "numerous contacts" with a defendant "about the need for permission" to use a copyrighted work, and the defendant refuses to pay a

license fee, a defendant's use was "knowing, deliberate, and willful." *Girlsongs v. 609 Indus., Inc.,* 625 F. Supp. 2d 1127, 1130 (D. Colo. 2008). Plaintiffs allege that they contacted Ben Greenfield Life about its infringing use of the Photograph on two occasions. Docket No. 1 at 6-7, ¶¶ 49-50. Plaintiffs further allege that they attempted to resolve this matter with Ben Greenfield Life without court intervention, but that Ben Greenfield Life refused to respond to plaintiffs' communications. *Id.* at 7, ¶ 51. Plaintiffs state that Ben Greenfield Life continues to infringe on the Photograph. *Id.*, ¶ 52. While plaintiffs do not provide any further details about their communication with Ben Greenfield Life, the Court nevertheless finds that Ben Greenfield Life's failure to resolve the matter with plaintiffs coupled with its failure to appear in this action or take down the infringing Photograph demonstrates that its infringement was willful.[3]

"Statutory damages are not designed to be merely compensatory or restitutionary, but are also meant to discourage wrongful conduct." *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1311 (M.D. Fla. 2008) (citing *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113-14 (2d Cir. 2001)). However, statutory damages "'are not intended to provide a plaintiff with a windfall recovery'; they should bear some relationship to the actual damages suffered." *Id.* at 1312-13 (quoting *Peer Int'l Corp. v. Luna Records,* 887 F. Supp. 560, 568-69 (S.D.N.Y. 1995)). "Courts consider the following factors in determining an award of statutory damages: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3)

[3] Other courts have assumed that a defendant's default by itself is sufficient to establish that the defendant willfully infringed a plaintiff's copyright. *See Arista Recs., Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (collecting cases).

the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *McDermott v. Light the Region Media LLC*, 707 F. Supp. 3d 264, 272-73 (W.D.N.Y. 2023) (quoting *Malibu Media, LLC v. Rios*, 2021 WL 942737, at *3 (S.D.N.Y. Mar. 11, 2021)); *see also Adventure Creative Grp., Inc. v. CVSL, Inc.*, 412 F. Supp. 3d 1065, 1072-73 (D. Minn. 2019) (citing *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 374 (S.D.N.Y. 2019)).

In cases involving "a single-use copyright infringement," federal courts "have typically awarded statutory damages between $1,000 and $5,000." *McDermott*, 707 F. Supp. 3d at 273; *see also Verch v. Blockchain Techs. Corp.*, 2021 WL 1198784, at *2 (S.D.N.Y. Mar. 30, 2021) (citing *Hirsch v. Sell It Social, LLC*, 2020 WL 5898816, at *5 (S.D.N.Y. Oct. 5, 2020) (awarding $5,000 in statutory damages for a single use infringement where plaintiff had not presented evidence of licensing fee history or actual losses); *Idir v. La Calle TV, LLC*, 2020 WL 4016425, at *3 (S.D.N.Y. July 15, 2020) (awarding $2,500 in statutory damages where "the need to deter such conduct justifies an award greater than the minimum of $750, but a higher award is not warranted where there is no evidence of actual losses or additional evidence of willfulness on the part of the defendant"); *Verch v. Sea Breeze Syrups, Inc.*, 2020 WL 7407939, at *4 (E.D.N.Y. Aug. 20, 2020) (awarding $1,000 in statutory damages where "there is only one alleged act of infringement, there are no cease-and-desist letters, there are no requests for injunctive relief, the usual licensing fee has not been provided, and there is no evidence of actual harm")). "While courts award more damages when the defaulting defendant is found to have willfully infringed the plaintiff's copyright, these awards still 'tend to be at

the lower end.'" *McDermott*, 707 F. Supp. 3d at 273 (citing *Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 241 (S.D.N.Y. 2023) (collecting cases with awards ranging from $7,500 to $20,000 per photograph)). However, some federal courts have found that, when the defendant's infringement is willful, an award of over $30,000 is necessary to provide appropriate deterrence. *Clever Covers*, 554 F. Supp. 2d at 1312-13 (awarding $31,000 in statutory damages because defendant's infringement was willful); *Zomba Enters., Inc. v. Panorama Recs., Inc.*, 491 F.3d 574, 586 (6th Cir. 2007) (finding that district court did not abuse its discretion in awarding $31,000 in statutory damages because the district court concluded that the "maximum penalty for nonwillful infringement was *not sufficient* given Panorama's conduct"); *see also Jitrade, Inc. v. Design of Dk, Inc.*, 2018 WL 6133653, at *4 (C.D. Cal. July 26, 2018) (granting plaintiff's request for $30,000 in statutory damages because defendant's conduct was willful); *Getaped.Com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002) ("plaintiff's request for $30,000 in statutory damages is reasonable and appropriate" considering defendant's willful infringement).

As to the first factor in determining an award of statutory damages, the Court has found that Ben Greenfield Life's infringement was willful. Therefore, Ben Greenfield Life's state of mind weighs in favor of a higher award of statutory damages. The public has a "strong interest in maintaining the integrity of copyright laws." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1218 (W.D. Wash. 2014). Courts in copyright cases have "a duty under the relevant case law to put Defendants 'on notice that it costs less to obey the copyright laws than to violate them.'" *EMI Apr. Music Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d 619, 625-26 (N.D. Tex. 2008) (quoting *Int'l Korwin*

*Corp. v. Kowalczyk*, 855 F. 2d 375, 383 (7th Cir. 1988)). As such, the deterrent effect on Ben Greenfield Life and third parties also weighs in favor of a higher award of statutory damages.

Conversely, plaintiffs have provided the Court with no evidence of Ben Greenfield Life's expenses saved or profits earned from the infringement, or of the revenue lost by plaintiffs. *See generally* Docket No. 14; Docket No. 14-1. Although plaintiffs may have no practical way of proving Ben Greenfield Life's profits from the infringement, plaintiffs possess relevant information regarding their own licensing practices. Plaintiffs have not provided such information in support of their motion. As such, the Court lacks the ability to ensure that the award of statutory damages "bear[s] some relationship to the actual damages suffered" and is not a windfall recovery to plaintiffs. *Clever Covers*, 554 F. Supp. 2d at 1312-13. Therefore, the second, third, fifth, and sixth considerations identified in *McDermott* weigh in favor of a smaller award of damages. *McDermott*, 707 F. Supp. 3d at 272-73 (considering "(2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; . . . (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties"). Moreover, although the complaint alleges that the post displaying plaintiffs' photograph remains on the internet, the complaint alleges that Ben Greenfield Life has infringed only one of plaintiffs' photographs in one Pinterest post. Docket No. 1 at 5, 7, ¶¶ 30, 52. This single-use copyright infringement also weighs in favor of a smaller award of statutory damages. *See McDermott*, 707 F. Supp. 3d at 273 (statutory awards for "a single-use copyright infringement" "tend to be at the lower end").

Considering the allegations in the complaint, and the evidence plaintiffs have produced and have failed to produce in the motion for default judgment, the Court finds that an award of $7,500 is sufficient but not greater than necessary to compensate plaintiffs and to deter Ben Greenfield Life or other potential users of plaintiffs' photographs from future infringement. *See Sadowski v. Yeshiva World News, LLC*, 2023 WL 2707096, at *7 (E.D.N.Y. Mar. 16, 2023), *report and recommendation adopted*, 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023) (awarding $7,500 in statutory damages for willful infringement of a single photograph in an online article).

**D. <u>Attorney's Fees</u>**

The court "may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "[A]ttorney's fees are to be awarded to the prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). There is no "precise rule or formula" for determining whether fees should be awarded. *Id*. However, the Supreme Court has endorsed four non-exhaustive factors to consider: frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Id*. at 1033 n.19. The Court addresses each in turn.

First, plaintiffs' claim is not frivolous. The Photograph has had a registered copyright since 2010. Docket No. 1 at 4, ¶ 22. Ben Greenfield Life does not have a license to use the Photograph. *Id*. at 7, ¶ 57. Plaintiffs learned in January 2025 that Ben Greenfield Life used the Photograph without authorization, as evidenced by the Pinterest post featuring the Photograph. *Id.* at 5, ¶¶ 32-33.

Second, there does not appear to be any improper motivation by plaintiffs. Plaintiffs bring a suit to assert their right to the copyright. *Id.* at 4, ¶ 22. Upon

discovering that Ben Greenfield Life was using the Photograph without authorization, plaintiffs notified Ben Greenfield Life of the infringement. *Id.* at 6-7, ¶¶ 49-50. Only after Ben Greenfield Life refused to respond to plaintiffs did plaintiffs file suit. The Court has no reason to doubt plaintiffs' motivation, especially given the valid grounds for the suit. Third, plaintiffs' suit is objectively reasonable. As discussed in regard to frivolousness, plaintiffs had a valid reason to believe that defendants used the Photograph without authorization.

Fourth, considerations of compensation and deterrence lean in favor of attorney's fees. To ensure that plaintiffs are compensated for pursuing this action against a dilatory defendant, attorney's fees are appropriate. *See Tague*, 2023 WL 11992382, at *3 ("Courts in this district have routinely awarded costs and fees under § 505 as part of a default judgment"). A fee award would also serve to deter defendants from continued infringement.

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (discussing a reasonable attorney's fee under 42 U.S.C. § 1988(b)). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop.*

*Mgmt.*, *Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). To satisfy their burden, plaintiffs must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiffs seek $945.00 in attorney's fees. Docket No. 14 at 1. Plaintiffs attach to their motion the affidavit of their attorney, Craig Sanders. Docket No. 14-2. Mr. Sanders states that he is a founding member and managing partner of Sanders Law Group, that his firm specializes in copyright enforcement of photographs and videos, and that he has more than thirty years of experience in the copyright field. *Id.* at 2-3, ¶ 13. Mr. Sanders claims that his hourly rate is $525. *Id.* Mr. Sanders asserts that his rates are consistent with those of the Colorado legal community because a court in this district has approved an hourly rate of $524.50 for an attorney with thirty years of copyright experience. *Id.* (citing *Stockart.com, LLC v. Engle*, No. 10-cv-00588-MSK-MEH, 2011 WL 10894610, at *17 (D. Colo. Feb. 18, 2011)). The average Colorado hourly rate for a partner is approximately $542 as calculated by the National Law Journal. *See Lieberenz v. Bd. of Cnty. Comm'rs of Cnty. of Saguache, Colo.*, No. 21-cv-00628-NYW-NRN, 2026 WL 884937, at *11 (D. Colo. Mar. 31, 2026). Therefore, the Court finds that Mr. Sanders' hourly rate is reasonable.

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). Plaintiffs must demonstrate that their counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*. A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. Ultimately, the court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market. *Ramos*, 713 F.2d at 555.

Plaintiffs seek $945.00 in attorney's fees for 1.8 hours of work. Docket No. 14-2 at 3. Mr. Sanders claims that he spent 0.7 hours researching and drafting the complaint in this case, that he spent 0.1 hours reviewing the motion for the Clerk's entry of default, and that he spent 1.0 hour drafting the motion for default judgment, including the attorney declaration. *Id.* The Court finds that these are tasks that would ordinarily be billed to a client and that the time spent on these tasks appears reasonable in light of the complexity of the case. The Court finds that the proper lodestar amount of attorney's fees is $945.00.

Section 505, at the discretion of the Court, entitles plaintiffs to "the recovery of full costs." 17 U.S.C. § 505. In the motion for default judgment, plaintiffs request $445.00 in costs. Docket No. 14 at 1. In his affidavit, Mr. Sanders states that these costs

include $405.00 for the court filing fee and $40.00 for the cost of serving Ben Greenfield Life. Docket No. 14-2 at 3, ¶ 14. These costs are appropriate to award to plaintiffs, and the Court will award them $445.00 in costs.

**E. <u>Postjudgment Interest</u>**

Plaintiffs request that the Court order defendants to pay postjudgment interest pursuant to 28 U.S.C. § 1961. Docket No. 14 at 1. "Post-judgment interest automatically accrues from the date of judgment even absent . . . express inclusion in the judgment itself." *Grimsley v. MacKay*, 93 F.3d 676, 678 (10th Cir. 1996) (citing 28 U.S.C. § 1961(a); *Christian v. Joseph*, 15 F.3d 296, 298 (3d Cir. 1994)); *see also zColo, LLC v. Info. Tech. Partners, Inc.*, No. 24-cv-01276-DDD-SBP, 2025 WL 1251224, at *6 (D. Colo. Jan. 22, 2025), *report and recommendation adopted*, 2025 WL 1251252 (D. Colo. Feb. 6, 2025) (stating that, under 28 U.S.C. § 1961, "a prevailing party [is] statutorily entitled to an award of post-judgment interest."). Therefore, because "[p]ostjudgment interest is mandatory under 28 U.S.C. § 1961," *Stichting Mayflower Recreational Fonds v. Newpark Res., Inc.*, 9 F. App'x 932 (10th Cir. 2001) (unpublished), the Court will award plaintiffs postjudgment interest.[4]

**F. <u>Ben Greenfield</u>**

Plaintiffs named Ben Greenfield as a defendant in this action, but only sought default judgment against Ben Greenfield Life. *See* Docket No. 1 at 3, ¶ 10; Docket No.

---

[4] Plaintiffs also request that the Court "retain jurisdiction over any matter pertaining to this judgment." Docket No. 14 at 1. Pursuant to the Court's Practice Standards, "[e]xcept in extraordinary circumstances, the court will not retain jurisdiction . . . Any motion . . . requesting that the court retain jurisdiction after dismissal shall explain in detail the extraordinary circumstances necessitating such an approach." Practice Standards (Civil Cases), Judge Philip A. Brimmer, § I.H.5. Plaintiffs have not explained why the Court should retain jurisdiction over this matter. *See generally* Docket No. 14.

14 at 1. The Court will order plaintiffs to either show cause why Ben Greenfield should not be dismissed or file a notice of dismissal as to Ben Greenfield pursuant to Rule 41(a)(1)(A)(i).

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs' Motion for Default Judgment [Docket No. 14] is **GRANTED**. It is further

**ORDERED** that judgment shall enter in favor of plaintiffs Howard Schatz and Beverly Ornstein and against defendant Ben Greenfield Life LLC for statutory damages of $7,500. It is further

**ORDERED** that postjudgment interest shall accrue pursuant to 28 U.S.C. § 1961. It is further

**ORDERED** that defendant Ben Greenfield Life LLC shall pay plaintiffs Howard Schatz and Beverly Ornstein $945.00 in attorney's fees and $445.00 in costs. It is further

**ORDERED** that, on or before **October 6, 2026**, plaintiffs shall show cause why Ben Greenfield should not be dismissed or file a notice of dismissal as to Ben Greenfield pursuant to Rule 41(a)(1)(A)(i).

DATED September 10, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge